[Civ. No. 48818. Second Dist., Div. Four. June 21, 1977.]

INSTITUTE OF GOVERNMENTAL ADVOCATES,
Plaintiff and Respondent, v.
EVELLE J. YOUNGER, as Attorney General, etc., et al.,
Defendants and Respondents;
FAIR POLITICAL PRACTICES COMMISSION,
Intervener and Appellant.

## Counsel

Daniel H. Lowenstein, Robert M. Stern, Kenneth H. Finney, Natalie E. West and Michael J. Baker for Intervener and Appellant.

No appearance for Defendants and Respondents.

Ball, Hunt, Hart, Brown & Baerwitz, Joseph A. Ball, John R. McDonough and Allan E. Tebbetts for Plaintiff and Respondent.

---

## OPINION

**KINGSLEY, Acting P. J.**—The present appeal involves the validity of an interpretation made by appellant Fair Political Practices Commission of section 86202 of the Political Reform Act of 1974.[1] The trial court issued a preliminary injunction prohibiting the enforcement of that interpretation.[2] ■ For the reasons set forth, below; we conclude that the interpretation enjoined constituted an invalid invasion of the right of free speech guaranteed by the First Amendment to the Constitution of the United States and by section 2 of article I of the California Constitution. Accordingly we affirm the injunction as issued.

Section 86202 of the Political Reform Act reads as follows: "It shall be unlawful for a lobbyist to make a contribution, or to act as an agent or intermediary in the making of any contribution by himself or by any other person."

Pursuant to its statutory power to issue interpretations of that act,[3] the commission promulgated an interpretation of the word "arrange," as used in section 86202. So far as is here pertinent, that interpretation reads as follows:

"BY THE COMMISSION: We have been asked the following questions by Donald C. Green, Law Offices of Green and Azevedo:

---

[1]That act, adopted by initiative in 1974, is codified as section 81000 et seq. of the Government Code.

[2]In the beginning, the present action was one directed against the Attorney General and the District Attorney of Los Angeles County, to enjoin them from enforcing the provisions of the act applying to lobbyists. The trial court, faced with that broad-gauged attack on the act, sustained it as constitutional and denied a preliminary injunction. Thereafter, the commission sought and secured permission to intervene in the action. The commission having issued the interpretation of section 86202 herein involved, plaintiffs then sought an injunction prohibiting the enforcement of the section as so construed. It is the granting of that second application for an injunction that is here before us.

[3]Government Code section 83114.

"(a) Does Government Code Section 86202[1] prevent a lobbyist from advising his or her employer with regard to making political campaign contributions to state officials?

"(b) Do Sections 86200, *et seq.* prohibit a lobbyist from advising his or her employer with regard to the voting record of a legislator?

"CONCLUSION

"(a) By advising his or her employer with regard to making political campaign contributions to state officials, the lobbyist has arranged for the making of a contribution as prohibited by Section 86202 if all the following criteria are met:

"(1) the lobbyist communicated with the employer;[2]

"(2) The advice was given wholly or partially with the intent of influencing the employer's decision to make a campaign contribution;

"(3) the employer in fact made a contribution; and

"(4) the lobbyist's advice was a causal element in the making of the contribution.

"(b) The dissemination of factual information concerning a public official's voting record does not fall within the prohibitions of Sections 86200, *et seq.*"

The trial court's temporary injunction, herein appealed from, reads as follows:

"IT IS ORDERED that during the pendency of this action or until further order of the Court, Intervenor FAIR POLITICAL PRACTICES COMMISSION, its agent, officers, employees and representatives, and all persons acting in concert or participating with them, are hereby enjoined from commencing proceedings as civil prosecutor against any lobbyist based on the single act of advising or making a recommendation to the

---

"[1] All statutory references are to the Government Code unless otherwise noted."

"[2] The test announced in this opinion does not apply to the communication of factual information readily available to members of the public. See discussion *infra,* page 6."

employer of the lobbyist with regard to the making of a political contribution, where the advice or recommendation results in a contribution from the employer."

The present appeal presents two problems: (1) does the commission's interpretation of the words "arrange for" properly reflect the meaning and purpose of section 86202; and (2) if so, is the section, as so interpreted, a violation of the constitutional right of free speech. For the reasons set forth below we conclude that the commission has properly interpreted the statute but that the statute, so interpreted, is unconstitutional.

I

As the commission points out, the statute expressly prohibits a lobbyist from making a contribution personally, or from acting as "an agent or intermediary" in such a contribution. Applying the usual doctrine that a statute should be interpreted in such a manner as to give effect to all of its provisions, the commission was within a legitimate exercise of its power of interpretation in concluding that the words "arrange for" were included to prevent the exact practice herein involved—namely action by a lobbyist designed and intended to cause his employer to make a contribution.

Because the statute does not prohibit the employer of a lobbyist from making a political contribution, it does not entirely eliminate the potential effect of such a contribution on the vote or position of an officeholder. Thus, if an employer, without any communication whatsoever with a lobbyist, makes a contribution to an office holder or to a candidate for office, the potentiality of influence by the unparticipating lobbyist will still exist. The office holder may well look with increased favor on a lobbyist representing a financial friend. In fact, a contribution lawfully can be made by one interested in pending or potential political action before that person has retained a lobbyist to present his views when action becomes imminent. The potentiality of influence will be the same.

Faced with that inescapable fact, the statute and the commission have attempted to limit what the statute did not, and the commission cannot, prevent in its entirety. While persons interested in potential governmen-

tal action may make political contributions because of their own concepts of their own interests, the chances of a decision to make a contribution are increased if a lobbyist urges, or even suggests, the desirability of such action.

For those reasons, we conclude that the commission has properly interpreted the statute as prohibiting communications between lobbyist and employer designed to influence the employer's decision to make, or to withhold, a political contribution.

## II

However, under well established concepts of freedom of speech, neither the statute nor the commission lawfully can restrict all communications between lobbyist and his employer. The interpretation herein involved expressly recognizes that right. Thus, a lobbyist, under the interpretation, may quite lawfully tell his employer of the possible position of an officeholder or candidate, based on that person's past voting record or official actions, or on his publicly expressed social or political attitudes. Insofar as the interpretation purports to restrict the communication by the lobbyist to matters of public record or public knowledge, we think it goes too far. A lobbyist is (or at least his employer hopes he will be) an expert in evaluating political positions. An employer is not. We can see no valid reason, consistent with free speech, to prevent a lobbyist from telling his employer of the lobbyist's opinion as to an officeholder or candidate's probable future action based on the totality of all information, public or otherwise, that the lobbyist can obtain.

The problem remaining is whether the commission's interpretation, so expanded, is consistent with the guarantee of freedom of speech. The commission contends that, while purely informational communication may, of course, influence the employer to make, or to withhold, a contribution, still, unless the information conveyed is coupled with a recommendation, the choice will still be where the statute leaves it—i.e., with the employer.[4]

[4]Information given without recommendation does not necessarily impel a decision to contribute. The employer may determine to reward past favors or insure their repetition; however, he may conclude that limited funds are better spent on another race where an additional favorable candidate may be elected. By the same token, unfavorable information may lead to the conclusion that a contribution might result in a change of attitude.

That argument is too simplistic. ▆ The guarantee of freedom of speech prohibits not only governmental action directly restricting speech, but also action that has a "chilling effect" on legitimate speech. As plaintiffs point out, even a communication purely factual may be so made, either by exclusion of some data, by emphasis, oral or written, by its timing, or otherwise, as to have the impact on a receiver of implying a recommendation for action. ▆ To subject a lobbyist to the chance that some trial court or jury may, in the future, read into his factual communication an intent to influence the employer's decision is to limit, if not to inhibit, any legitimate communication. The constitutions of both the state and the nation prohibit subjecting the exercise of free speech to that kind of risk.

The risk can be obviated only by allowing, as the judgment herein does, a lobbyist, in private communication, to make his recommendation for action.

The judgment is affirmed.

Dunn, J., and Jefferson (Bernard), J., concurred.