BILL LOCKYER Attorney General DANIEL G. STONE Deputy Attorney General
THE FAIR POLITICAL PRACTICES COMMISSION has requested an opinion on the following question:
Is a copy of a private check that was obtained by the Fair Political Practices Commission through issuance of an administrative subpoena during the investigation of a complaint exempt from disclosure under the Public Records Act?
 CONCLUSION
A copy of a private check that was obtained by the Fair Political Practices Commission through issuance of an administrative subpoena during the investigation of a complaint is exempt from disclosure under the Public Records Act.
 ANALYSIS
The Fair Political Practices Commission ("FPPC") is charged with the responsibility of administering the Political Reform Act of 1974 (Gov. Code, §§ 81000-91014; "Act").[1] In so doing, it may issue administrative subpoenas (§ 83118) in investigating possible violations of the Act's provisions (§ 83115). The question presented for resolution is whether a copy of a private check obtained through the FPPC's issuance of an administrative subpoena is subject to disclosure under the Public Records Act (§§ 6250-6276.48). We conclude that it is not.
Preliminarily, we note that in Fair Political Practices Com. v. Superior Court (1979) 25 Cal.3d 33, 37, the Supreme Court summarized the Act's purposes as follows:
 "The initiative concerns elections and different methods for preventing corruption and undue influence in political campaigns and governmental activities. Chapters 1 and 2 contain general provisions and definitions, including a severability provision. Chapter 3 establishes the commission. Chapter 4 establishes disclosure requirements for candidates' significant financial supporters. Chapter 5 places limitations on campaign spending. Chapter 6 regulates lobbyist activities. Chapter 7 establishes rules relating to conflict of interest. Chapter 8 establishes rules relating to voter pamphlet summaries of arguments on proposed ballot measures. Chapter 9 regulates ballot position of candidates. Chapter 10 establishes auditing procedures to aid enforcement of the law, and chapter 11 imposes penalties for violations of the act."[2]
The five-member FPPC has "primary responsibility for the impartial, effective administration and implementation of [the Act]." (§ 83111; see §§ 83100-83124.) It has the authority to initiate investigations of possible violations of the Act, as provided in section 83115:
 "Upon the sworn complaint of any person or on its own initiative, the commission shall investigate possible violations of this title relating to any agency, official, election, lobbyist or legislative or administrative action. . . ."
In conducting its investigations, the FPPC may compel the production of documents or the attendance of witnesses by administrative subpoena, as provided in section 83118:
 "The Commission may subpoena witnesses, compel their attendance and testimony, administer oaths and affirmations, take evidence and require by subpoena the production of any books, papers, records or other items material to the performance of the Commission's duties or exercise of its powers."
Violations of the Act may be prosecuted by the filing of civil actions or criminal misdemeanor charges, depending upon the particular circumstances . (§§ 91000-91014.)
In addition to the specific provisions of the Act, the Legislature has enacted a general statutory scheme (§§ 11180-11191) to govern the issuance of administrative subpoenas by state departments conducting investigations. (See Arnett v. Dal Cielo (1996) 14 Cal.4th 4, 7-8; 86 Ops.Cal.Atty.Gen. 198, 203-204 (2003).) The requirements of these statutes apply, in effect, to the administrative investigations of the FPPC, which is within the executive branch of state government. (See People ex rel. Franchise Tax Bd. v. Superior Court (1985) 164 Cal.App.3d 526, 537, fn. 5 [Franchise Tax Board's independent statutory authority to investigate and issue subpoenas "is substantially identical" to authority granted under sections 11180-11191 and "governed by the same principles and precedents"]; see also People v. Pappalardo (1993)12 Cal.App.4th 1723, 1727-1730.)
Section 11181 provides in part:
 "In connection with any investigation or action authorized by this article, the department head may do any of the following:
 "(a) Inspect and copy books, records, and other items described in subdivision (e).
". . . . . . . . . . . . . . . . . . . . . . . . . .
 "(e) Issue subpoenas for the attendance of witnesses and the production of papers, books, accounts, documents, any writing as defined by Section 250 of the Evidence Code, tangible things, and testimony pertinent or material to any inquiry, investigation, hearing, proceeding, or action conducted in any part of the state.
 "(f) Promulgate interrogatories pertinent or material to any inquiry, investigation, hearing, proceeding, or action.
 "(g) Divulge information or evidence related to the investigation of unlawful activity discovered from interrogatory answers, papers, books, accounts, documents, and any other item described in subdivision (e), or testimony, to the Attorney General or to any prosecuting attorney of this state, any other state, or the United States who has a responsibility for investigating the unlawful activity investigated or discovered, or to any governmental agency responsible for enforcing laws related to the unlawful activity investigated or discovered, if the Attorney General, prosecuting attorney, or agency to which the information or evidence is divulged agrees to maintain the confidentiality of the information received to the extent required by this article.
 "(h) Present information or evidence obtained or developed from the investigation of unlawful activity to a court or at an administrative hearing in connection with any action or proceeding."
Most relevant to our inquiry is section 11183, which restricts the subsequent disclosure of private materials obtained by a state department through the issuance of an administrative subpoena:
 "Except in a report to the head of the department or when called upon to testify in any court or proceeding at law or as provided in Section 11180.5 or subdivisions (g) and (h) of Section 11181, an officer shall not divulge any information or evidence acquired by the officer from the interrogatory answers or subpoenaed private books, documents, papers, or other items described in subdivision (e) of Section 11181 of any person while acting or claiming to act under any authorization pursuant to this article, in respect to the confidential or private transactions, property or business of any person. An officer who divulges information or evidence in violation of this section is guilty of a misdemeanor and disqualified from acting in any official capacity in the department."[3]
With these two statutory schemes in mind, we turn to the provisions of the Public Records Act, which require that the records of state and local public agencies (§§ 6252, subds. (a), (b)) must be disclosed to the public upon request unless a statutory provision authorizes confidentiality (§ 6253, subd. (b)). This general disclosure requirement is intended to promote the right of citizens to monitor their government, in recognition of the principle that "access to information concerning the conduct of the public's business is a fundamental and necessary right of every person in this state." (§ 6250; see Cal. Const., art. I, § 3, subd. (b); Times Mirror Co. v. Superior Court (1991) 53 Cal.3d 1325, 1338-1339; CBS, Inc. v. Block (1986) 42 Cal.3d 646, 651-655; Marylander v. Superior Court (2000) 81 Cal.App.4th 1119, 1125; 73 Ops.Cal.Atty.Gen. 236, 237 (1990).)
The Public Records Act contains numerous exemptions from disclosure (see, e.g., 6254.1, 6254.3, 6254.4, 6254.20, 6254.22, 6254.25), but each must be narrowly construed. (See Cal. Const., art. I, § 3, subd. (b)(2); City of Hemet v. Superior Court (1995) 37 Cal.App.4th 1411, 1425; Rogers v. Superior Court (1993) 19 Cal.App.4th 469, 476; see also 79 Ops.Cal.Atty.Gen. 269, 271 (1996)).[4] With respect to the FPPC's administrative subpoena of a private check, our focus is upon subdivision (k) of section 6254,[5] which provides:
 "Except as provided in Sections 6254.7 and 6254.13, nothing in this chapter shall be construed to require disclosure of records that are any of the following:
". . . . . . . . . . . . . . . . . . . . . . . . . .
 "(k) Records, the disclosure of which is exempted or prohibited pursuant to federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege."[6]
As we observed with respect to subdivision (k) in 76 Ops.Cal.Atty.Gen. 219, 221 (1993): "This provision does not constitute an independent exemption; rather, it merely incorporates other prohibitions established by law." (See also CBS, Inc. v. Block, supra, 42 Cal.3d at p. 656; San Gabriel Tribune v. Superior Court (1983) 143 Cal.App.3d 762, 775.)
Subdivision (k) of section 6254 has been applied in a variety of contexts. (See, e.g., Roberts v. City of Palmdale (1993) 5 Cal.4th 363,372-373 [attorney-client privilege]; 76 Ops.Cal.Atty.Gen., supra, at pp. 220-222 [property appraisal data].) The "incorporation exemption" of subdivision (k) includes any specific procedures, standards, or burdens governing disclosure in the "other statute(s)," no matter how arduous those requirements may be. (City of Hemet v. Superior Court, supra,37 Cal.App.4th at p. 1422-1431.)
Returning to the administrative subpoena provisions of sections 11180-11191, we find that section 11183 expressly prohibits the divulging of any personal "information or evidence acquired" from private documents or papers produced pursuant to an administrative subpoena that concern "confidential or private transactions, property or business of any person." The statute makes unauthorized disclosure of such documents or information a misdemeanor. While the Legislature has not specifically defined the terms "private" or " confidential" for purposes of section 11183, we may assume that the ordinary, commonly understood meanings of these terms were intended. (See, e.g., Hunt v. Superior Court (1999)21 Cal.4th 984, 1000; Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977; 87 Ops.Cal.Atty.Gen. 5, 8 (2004).) "Private" is broadly understood to refer to things concerning or belonging to an individual rather than the government or the public (Webster's 3d New Internat. Dict. (2002) pp. 1804-1805), and "confidential" generally refers to matters private, personal, or secret in nature that are not broadly disclosed or widely known (id. at p. 476).
A copy of a private check obtained by the FPPC falls squarely within the scope of section 11183. A check is evidence of a private financial transaction and cannot be considered to be part of the public domain. (See, e.g., Gordon v. Superior Court (1997) 55 Cal.App.4th 1546,1557-1558 [checks may reveal confidential personal financial information]; see also, Valley Bank of Nevada v. Superior Court (1975)15 Cal.3d 652, 656 [state's constitutional privacy right "extends to one's confidential financial affairs"]; 82 Ops.Cal.Atty.Gen. 159, 160-162 (1999).) As the court observed in Burrows v. Superior Court (1974)13 Cal.3d 238, 243: " It cannot be gainsaid that the customer of a bank expects that the documents, such as checks, which he transmits to the bank in the course of his business operations, will remain private, and that such an expectation is reasonable."
Hence, a copy of a private check is exempt from disclosure under the Public Records Act pursuant to section 6254, subdivision (k), and section 11183. (See Roberts v. City of Palmdale, supra, 5 Cal.4th at pp. 372-373; 76 Ops.Cal.Atty.Gen., supra, at pp. 220-222.) These principles and precedents govern the issuance of an administrative subpoena by the FPPC under the terms of section 83118. (See People ex rel. Franchise Tax Bd. v. Superior Court, supra, 164 Cal.App.3d at p. 537, fn. 5.)
Our analysis of these statutory provisions is consistent with the terms of Proposition 59, which was recently approved by California voters at the November 2, 2004 General Election. Proposition 59 added subdivision (b) of section 3 of article I of the Constitution as follows:
 "(1) The people have the right of access to information concerning the conduct of the people's business, and, therefore, the meetings of public bodies and the writings of public officials and agencies shall be open to public scrutiny.
 "(2) A statute, court rule, or other authority, including those in effect on the effective date of this subdivision, shall be broadly construed if it furthers the people's right of access, and narrowly construed if it limits the rights of access. A statute, a court rule, or other authority adopted after the effective date of this subdivision that limits the right of access shall be adopted with findings demonstrating the interest protected by the limitation and the need for protecting that interest.
 "(3) Nothing in this subdivision supersedes or modifies the right of privacy guaranteed by Section 1 or affects the construction of any statute, court rule, or other authority to the extent that it protects that right to privacy, including any statutory procedures governing discovery or disclosure of information concerning the official performance or professional qualifications of a peace officer.
 "(4) Nothing in this subdivision supersedes or modifies any provision of this Constitution, including the guarantees that a person may not be deprived of life, liberty, or property without due process of law, or denied equal protection of the laws, as provided in Section 7.
 "(5) This subdivision does not repeal or nullify, expressly or by implication, any constitutional or statutory exception to the right of access to public records or meetings of public bodies that is in effect on the effective date of this subdivision, including, but not limited to, any statute protecting the confidentiality of law enforcement and prosecution records.
 "(6) Nothing in this subdivision repeals, nullifies, supersedes, or modifies protections for the confidentiality of proceedings and records of the Legislature, the Members of the Legislature, and its employees, committees, and caucuses provided by Section 7 of Article IV, state law, or legislative rules adopted in furtherance of those provisions; nor does it affect the scope of permitted discovery in judicial or administrative proceedings regarding deliberations of the Legislature, the Members of the Legislature, and its employees, committees, and caucuses."
The requirement that sections 6254 and 11183 be "narrowly construed" since they limit "the right of access" to information concerning the conduct of the people's business (Cal. Const., art. I, § 3, subd. (b)(2)) is, as indicated above, the same requirement imposed by prior case law. (See, e.g., City of Hemet v. Superior Court, supra,37 Cal.App.4th at p. 1425; Rogers v. Superior Court, supra,19 Cal.App.4th at p. 476.). At the same time, we are mindful that the new constitutional amendment expressly has no effect upon our construction of sections 6254 and 11183 to the extent that they protect " the right of privacy guaranteed by Section 1" of article I of the Constitution. (Cal. Const., art. I, § 3, subd. (b)(3).)[7] Most importantly, Proposition 59 "does not repeal or nullify, expressly or by implication" section 6254 or section 11183, each of which may be described as a "statutory exception to the right of access to public records." (Cal. Const., art. I, § 3, subd. (b)(5).)
We therefore conclude that a copy of a check that was obtained by the FPPC through issuance of an administrative subpoena during the investigation of a complaint is exempt from disclosure under the Public Record Act.
 *****
[1] Hereafter, references to the Government Code will be by section number only.
[2] Since adoption of the Act in 1974, several of its provisions have been struck down as being in conflict with speech and associational rights guaranteed under the First Amendment of the United States Constitution. (See, e.g., Fair Political Practices Com. v. Superior Court, supra, 25 Cal.3d at pp. 43-49 [reporting requirements and contributions ban for lobbyists]; Hardie v. Eu (1976) 18 Cal.3d 371, 376-378
[spending limits for circulating petition to qualify initiative measure for ballot]; Citizens for Jobs Energy v. Fair Political Practices Com. (1976) 16 Cal.3d 671, 674-675 [limits on spending to influence voting on statewide ballot proposition]; Institute of Governmental Advocates v. Younger (1977) 70 Cal.App.3d 878, 882-884 [ban on lobbyists' "arranging for" making of political contributions].)
[3] Section 11180.5 provides:
 "At the request of a prosecuting attorney or the Attorney General, any agency, bureau, or department of this state, any other state, or the United States may assist in conducting an investigation of any unlawful activity that involves matters within or reasonably related to the jurisdiction of the agency, bureau, or department. This investigation may be made in cooperation with the prosecuting attorney or the Attorney General. The prosecuting attorney or the Attorney General may disclose documents or information acquired pursuant to the investigation to another agency, bureau, or department if the agency, bureau, or department agrees to maintain the confidentiality of the documents or information received to the extent required by this article."
[4] In addition to its many specific exemptions, the Public Records Act permits a public agency to justify withholding a record from disclosure based upon a "balancing test" showing that "on the facts of the particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record." (§ 6255, subd. (a); see, e.g., 84 Ops.Cal.Atty.Gen. 55, 56-60 (2001); 81 Ops.Cal.Atty.Gen. 383, 386-388 (1998).)
[5] We note that subdivision (f) of section 6524 allows nondisclosure of "any investigatory or security files compiled by any . . . state or local agency for correctional, law enforcement, or licensing purposes . . . ." However, this specific "law enforcement" exemption applies only when there is a concrete and definite prospect of criminal law enforcement. (See State of California ex rel. Division of Industrial Safety v. Superior Court (1974) 43 Cal.App.3d 778, 783-785; Uribe v. Howie (1971) 19 Cal.App.3d 194, 212-213; 86 Ops.Cal.Atty.Gen. 132, 134-137 (2003).)
[6] Section 6254.7 provides that certain records relating to public health, such as materials reflecting the nature and extent of building code violations or of air contaminants and other pollutants, are public records. Section 6254.13 specifies that test questions or other materials to be used by the Department of Education in administering statewide student testing programs may be viewed, upon request, by the Governor or by any member of the Legislature, provided that the requester keeps the materials confidential.
[7] Section 1 of article I of the Constitution provides:
 "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."